**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHARLES NGETHE, AKA Charles Muchaf, AKA Charles Ngethe Muchai, AKA Charles M. Ngethe,<br><br>       Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>       Respondent. | No. 16-70454<br><br>Agency No. A205-464-980<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2017[**]
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MOLLOY,[***] District Judge.

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***]     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Charles Ngethe petitions for review of the Board of Immigration Appeals's (BIA) order dismissing his appeal of the denial of relief under the Convention Against Torture (CAT) by an Immigration Judge (IJ). We have jurisdiction under 8 U.S.C. § 1252.

The BIA's determination that Ngethe failed to establish that he is "more likely than not to be tortured," 8 C.F.R. § 1208.17(a), if he returns to Kenya is supported by substantial evidence. While the evidence indicates that "[v]iolence against LGBT persons [i]s a problem" (and in some cases, the police were involved in the violence), police have intervened to stop attacks in other cases and there is evidence that the situation of LGBT persons in Kenya is improving. Because the evidence in the record is inconclusive, it does not compel the conclusion that Ngethe faces an individualized risk of being tortured in Kenya if returned. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

We reject Ngethe's argument that the IJ erred by failing to review the 2014 State Department Report. There is no indication that the 2014 Report contained "highly probative or potentially dispositive evidence" not included elsewhere in the record, particularly in the 2013 State Department Report, to which the IJ made specific reference. *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). Nor did the IJ err by failing to mention other evidence submitted by Ngethe; the IJ is not

2

required to "parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (citation omitted).

**PETITION DENIED**